UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RANDAL LICARI,                        :
        Plaintiff,                    :
                                      :
        v.                            :   Case No. 3:16cv2124(AWT)
                                      :
COMMISSIONER SEMPLE, ET AL.,          :
        Defendants.                   :

**RULING ON MOTION TO DISMISS**

The plaintiff, Randal Licari, is incarcerated at the

Willard-Cybulski Correctional Institution in Enfield,

Connecticut.  He initiated this action by filing a civil rights

complaint asserting claims of deliberate indifference to medical

needs against Commissioner Scott Semple; Drs. Giles, Naqvi, Wu

and Coleman; Physician Assistant Kevin Crystal; and Nurses

Dionne, Shannon, Heidi Green, Barbara LaFrance and Rikil

Lightner.

On May 9, 2017, the court dismissed all retaliation claims

and all other claims against defendants Semple, Giles and

Coleman pursuant to 28 U.S.C. § 1915A(b)(1).  The court

concluded that the plaintiff had stated plausible claims that

Dr. Naqvi, Physician Assistant Crystal, and Nurses Green,

LaFrance, Dionne, Shannon and Lightner were deliberately

indifferent to his complaints of pain in his groin area after

undergoing hernia surgery in April 2015 and that Dr. Wu was

deliberately indifferent to his painful groin condition by

failing to provide any treatment for his complaints of pain

after concluding that he did not suffer from ilioinguinal nerve[1]

entrapment or a "nerve block."  The case proceeds against

defendants Naqvi, Crystal, Green, LaFrance, Dionne, Shannon,

Lightner and Wu in their individual and official capacities.

The defendants have moved to dismiss the complaint.  For

the reasons set forth below, the motion to dismiss is being

denied in part and granted in part.

## I.  Legal Standard

Although the defendants purport to have filed their motion

to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), Fed. R.

Civ. P., they offer no argument in support of dismissal due to a

lack of subject matter jurisdiction.  Thus, the court considers

the motion only under Rule 12(b)(6), Fed. R. Civ. P.

When considering a motion to dismiss under Rule 12(b)(6),

Fed. R. Civ. P., the court "accepts as true all of the factual

allegations set out in [the] complaint, draw[s] inferences from

---

[1] Ilioinguinal nerve – a nerve that provides cutaneous innervation to the upper medial thigh, the root of the penis and the anterior surface of the scrotom in men.  Mosby's Medical Dictionary, (8th ed. 2009).  Retrieved May 1, 2017 from http://medical-dictionary.thefreedictionary.com/tardive

those allegations in the light most favorable to the plaintiff, and construes the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks and citation omitted). In addition to the facts set forth in the complaint, the court may also consider documents either attached to the complaint or incorporated into it by reference, "and matters subject to judicial notice." New York Pet Welfare Ass'n, Inc. v. City of New York, 850 F.3d 79, 86 (2d Cir. 2017) (citation omitted).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. Id.

## II.  Factual Allegations

As of June 27, 2014, the plaintiff was experiencing chronic pain in his testicular/groin area that interfered with his ability to walk, sleep and exercise.  See Compl. at 3 ¶ 7.  On April 15, 2015, the plaintiff underwent double hernia surgery at the University of Connecticut Health Center ("UCONN").  See id. ¶¶ 8-9.

On May 5, 2015, the plaintiff complained to the surgeon who had performed his hernia surgery that he was still experiencing pain in his groin.  See id. ¶ 10.  The surgeon opined that the degree of pain that the plaintiff claimed to still be experiencing was excessive given the uncomplicated nature of the procedure.  See id.  The surgeon recommended that a follow-up appointment be scheduled by the treating physician at the plaintiff's place of confinement if the pain did not subside within two weeks.  See id.

After his hernia surgery, the plaintiff worked as a janitor seven days a week.  See id. ¶ 12.  During this time, he was in contact with and complained to Dr. Naqvi, Physician Assistant Crystal, and Nurses Green, LaFrance, Dionne, Shannon and Lightner about the pain he continued to experience in his groin area.  See id. ¶ 11.  On September 10, 2015, he filed a grievance claiming

4

that he was still experiencing groin pain, but no one responded to the grievance.  See id. ¶ 13.

At some point, the plaintiff filed a habeas petition in state court seeking medical treatment for his groin pain.  See id. ¶ 14.  He also sought mental health treatment for anxiety caused by the pain in his groin area.  See id. at 4 ¶ 16.  At some later point, prison officials transferred the plaintiff to Osborn Correctional Institution.  See id. ¶ 15.

On April 3, 2016, the plaintiff met with Dr. Naqvi who informed him that Dr. Giles had diagnosed him as suffering from ilioinguinal nerve entrapment and had recommended that he receive injections into his upper thighs.  See id. ¶ 18.  This treatment did not relieve the plaintiff's pain.  See id.  Dr. Naqvi did not submit a request that the plaintiff undergo surgery to correct the condition causing him pain or otherwise prescribe medication or other treatment to alleviate the plaintiff's pain. See id.

Following the unsuccessful treatment provided by Dr. Giles, a state court judge ordered the Department of Correction to arrange for the plaintiff to undergo an ultrasound procedure at UCONN.  See id. ¶ 19.  The plaintiff claims that the ultrasound revealed that he suffers from a "nerve block" in his groin.  See

5

id.  Dr. Wu informed other medical officials that the ultrasound had not revealed evidence of a nerve block.  See id. ¶ 20.  Dr. Wu provided no treatment to relieve the extreme pain in the plaintiff's groin area.  See id.  The plaintiff alleges that "DOC/Medical/CMHC" will not authorize or perform surgery necessary to correct the "nerve block" complication.  Id., ¶ 21.

**III. Discussion**

The defendants argue that the complaint fails to state a claim of deliberate indifference to medical needs, that the Prison Litigation Reform Act of 1996 bars the requests for injunctive and declaratory relief and punitive damages, and that they are entitled to qualified immunity.  The defendants make reference to two other bases on which to dismiss the complaint, failure to exhaust administrative remedies and the doctrine of sovereign immunity, but do not brief these arguments.  See Mot. Dismiss, ECF No. 26, at 1.  Accordingly, the court does not address them.

As a preliminary matter, the defendants' motion to dismiss is deficient because it does not include an Order of Notice to Pro Se Litigant in compliance with Rule 12(a), D. Conn. L. Civ. R.  The purpose of the notice is to inform the plaintiff of his obligation to file a response to the motion to dismiss.  However,

despite the lack of such a notice, the plaintiff has filed a response to the motion to dismiss.

## A.    Deliberate Indifference Claim

The defendants do not dispute that the plaintiff has sufficiently alleged that he suffered from a serious medical condition in 2015 and 2016.  They argue, however, that the plaintiff has not alleged that they were deliberately indifferent to his serious medical need.

Deliberate indifference by prison officials to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state a claim for deliberate indifference to a serious medical need, a plaintiff must satisfy a two-pronged test.  Under the first prong, a plaintiff must demonstrate that his or her medical or mental health need was "sufficiently serious."  Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006).  Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain."  Chance v.

Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quotation marks omitted).

Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. See Salahuddin, 467 F.3d at 279-80. Mere negligent conduct does constitute deliberate indifference. See id. at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

The court has already concluded, after reviewing the allegations in the complaint, that the plaintiff has plausibly alleged that he suffered from a serious medical condition, constant pain in his groin area after hernia surgery in April 2015, and that defendants Naqvi, Crystal, Green, LaFrance, Dionne, Shannon, Lightner and Wu were deliberately indifferent to that condition. In support of the motion to dismiss, the defendants make an argument that the plaintiff has not "provided any evidentiary support for any of his claims" and that the facts in the complaint are "severely lacking in any evidentiary support to meet any burden he has to prove them." Mem. Supp. Mot.

8

Dismiss, ECF No. 26-1, at 9.  A plaintiff is not required to

support his complaint with evidence.  As indicated above, in

deciding a motion to dismiss, the court accepts the truth of the

allegations in the complaint and determines whether the

allegations state a plausible claim for relief.  Thus, the

argument that the plaintiff's Eighth Amendment claim should be

dismissed for lack of evidentiary support is misplaced.

The defendants also contend that the plaintiff's claim is

merely disagreement with medical treatment, which is not

cognizable as an Eighth Amendment violation.  The court has

construed the allegations in the complaint to state a claim that

defendants Naqvi, Crystal, Green, LaFrance, Dionne, Shannon and

Lightner were aware of the plaintiff's complaints of pain

following hernia surgery and took no action to relieve his pain.

In 2016, Dr. Wu was aware of the plaintiff's painful groin

condition, but refused to provide any treatment to relieve the

condition after reaching the conclusion that the plaintiff did

not suffer from "a nerve block."  Thus, the plaintiff's

allegations do not reflect a mere disagreement with treatment.

Rather, the plaintiff alleges a denial of treatment by the

defendants.  The motion to dismiss on the ground that the

plaintiff has not alleged that defendants Naqvi, Crystal, Green,

LaFrance, Dionne, Shannon, Lightner and Wu were deliberately
indifferent to his painful groin condition is being denied.

**B.    Qualified Immunity**

Defendants Wu and Lightner argue that they are entitled to
qualified immunity because they have been sued as supervisory
officials and there is no clearly established law that a
supervisory official who is unaware of a prisoner's medical
history may be held liable for relying on medical staff for
making treatment decisions regarding that prisoner.  Wu and
Lightner argue further that it was objectively reasonable for
them to defer to medical staff regarding the plaintiff's medical
needs.

As indicated above, the plaintiff asserts that he made both
defendant Lightner and defendant Wu aware of his medical
condition involving pain in his groin area after he underwent
surgery in April 2015.  The plaintiff alleges that defendant
Lightner took no action to relieve his painful condition.  The
plaintiff alleges that Dr. Wu took no action to relieve his
painful condition after he concluded that the plaintiff did not
suffer from "a nerve block."  Thus, the allegations of the
involvement of Dr. Wu and Health Services Administrator Lightner
in the plaintiff's medical care are not based on a theory of

supervisory liability.  Rather, the plaintiff is alleging their

knowledge of and direct involvement.  Accordingly, the motion to

dismiss based on the argument that defendants' Wu and Lightner

are entitled to qualified immunity as supervisory officials is

being denied.

## C.    Request for Declaratory Relief

The court notes that the plaintiff did not include a request

for a declaratory judgment relief in his claims for relief.  <u>See</u>

Compl. at 4.  In paragraph four of his preliminary statement,

however, the plaintiff asks the court "to declare [that] the acts

and/or omissions by defendants were unconstitutional."  <u>See</u> <u>id.</u>

at 2.

The defendants argue that the plaintiff's request for

declaratory relief must be dismissed because he seeks a

declaration regarding past violations of his constitutional

rights.  Declaratory relief serves to "settle legal rights and

remove uncertainty and insecurity from legal relationships

without awaiting a violation of the rights or a disturbance of

the relationships."  <u>Colabella v. American Institute of Certified</u>

<u>Public Accountants</u>, No. 10-cv-2291(KAM)(ALC), 2011 WL 4532132, at

*22 (E.D.N.Y. Sept. 28, 2011) (citations omitted).  Thus, it

operates in a prospective manner to allow parties to resolve

claims before either side suffers great harm.  See In re

Combustion Equip. Assoc. Inc., 838 F.2d 35, 37 (2d Cir. 1988).

In Ex Parte Young, 209 U.S. 123, 155-56 (1908), the Supreme Court

held that an exception to the Eleventh Amendment's grant of

sovereign immunity from suit existed to permit a plaintiff to sue

a state official acting in his or her official capacity

for prospective injunctive relief for continuing violations of

federal law. The exception to Eleventh Amendment immunity,

however, does not apply to claims against state officials

seeking declaratory or injunctive relief for prior violations of

federal law.  See Puerto Rico Aqueduct and Sewer Authority v.

Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (the Eleventh

Amendment "does not permit judgments against state officers

declaring that they violated federal law in the past"); Green v.

Mansour, 474 U.S. 64, 68 (1985) ("We have refused to extend the

reasoning of Young ... to claims for retrospective relief")

(citations omitted).

The plaintiff's request for a declaration that the

defendants violated his Constitutional rights in 2015 and 2016

cannot be properly characterized as "prospective" because the

plaintiff does not allege how such relief would remedy a future

constitutional violation by the defendants.  Thus, the

plaintiff's request for declaratory relief does not satisfy the requirements for the exception to Eleventh Amendment immunity set forth in Ex Parte Young. The motion to dismiss is being granted as to the request for declaratory relief.

**D.   Request for Injunctive Relief**

The plaintiff seeks injunctive relief in the form of an order directing defendants to arrange for him to undergo surgery to correct the "nerve block" in his groin area that causes him pain. The defendants argue that 18 U.S.C. § 3626 prohibits the injunctive relief sought by the plaintiff. The defendants do not explain how this statute bars the request for injunctive relief. Rather, the defendants argue that a request for injunctive relief becomes moot when a plaintiff is discharged or transferred to another facility.

Although the plaintiff is no longer confined at the same facility in which he was confined when he filed this action, his request for injunctive relief is not related to conditions at a particular facility. Thus, the court concludes that it is not barred as a result of his transfer to another facility. The motion to dismiss the request for injunctive relief is being denied.

**E.    Request for Punitive Damages**

The defendants argue that 18 U.S.C. § 3626(a)(1) precludes any award for punitive damages.  The defendants rely on Margo v. Bedford County, No. 3:04-cv-147-KAP-KRG, 2008 WL 857507 (W.D. Pa. 2008), in support of this argument.[2]  The court does not agree that 18 U.S.C. § 3626(a)(1)(A) was intended to preclude an award of punitive damages in all civil cases filed by prisoners. See Morgan v. Comm'r Dzurenda, No. 3:14-CV-966 (VAB), 2015 WL 5722723, at *10 (D. Conn. Sept. 29, 2015) ("The Court declines to follow th[e] decision [in Margo v. Bedford County, 2008 WL 857507], and agrees with later case law that 18 U.S.C. § 3626(g)(7), which defines the term "prospective relief" as "all

---

[2] Although the defendants cite to two other cases in support of their argument that 18 U.S.C. § 3626 precludes any award of punitive damages, their reliance on those cases is misplaced in that neither case held that punitive damages were unavailable under 18 U.S.C. § 3626.  Rather, the Eleventh Circuit held in Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002), that punitive damages constituted prospective relief under 18 U.S.C. § 3626(a)(1)(A) and that such relief must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Id. at 1325-26 (citation omitted).  In Coleman v. Rahija, 114 F.3d 778, 786-88 (8th Cir. 1997), the Eighth Circuit addressed the standard which must be met in order for a district court to award punitive damages and noted that "[t]he focus, in determining the propriety of punitive damages, is on the intent of the defendant . . . and whether the defendant's conduct is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards") (citations omitted).

relief other than compensatory monetary damages," did not intend

to preclude an award of punitive damages in all prisoner

litigation.") (citing Douglas v. Jin, Civil Action No. 11-0350,

2014 WL 1117834, at **4-5 (W.D. Pa. March 20, 2014)).

Accordingly, the motion to dismiss on the ground that the

request for punitive damages is barred by 18 U.S.C. § 3626 is

being denied.

The defendants also argue that the plaintiff is not

entitled to punitive damages because he has not alleged that

they engaged in conduct that was motivated by evil intent or

involved recklessness or callous indifference to the rights of

others.  The court concludes that the plaintiff has sufficiently

alleged that the defendants conduct involved a reckless

disregard or callous indifference to his federally protected

rights.  Thus, the plaintiff has alleged facts sufficient to

show that punitive damages may be justified if he prevails in

this action.  See Smith v. Wade, 461 U.S. 30, 56 (1983)

(punitive damages are available in a section 1983 action "when

the defendant's conduct is shown to be motivated by evil motive

or intent, or when it involves reckless or callous indifference

to the federally protected rights of others").  The motion to

dismiss the request for punitive damages is being denied.

**IV.  Conclusion**

The Motion to Dismiss [**ECF No. 26**] is **GRANTED** as to the
request for declaratory relief and **DENIED** in all other respects.

**Motions for summary judgment, if any, shall be filed within
sixty days of the date of this order.**

It is so ordered.

Signed this 20th day of August, 2018, at Hartford,
Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge