UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RANDAL LICARI,           :
      Plaintiff,         :
                         :
      v.                 :   Case No. 3:16cv2124(AWT)
                         :
SCOTT SEMPLE, ET AL.,    :
      Defendants.        :

## RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

The plaintiff, Randal Licari, is currently incarcerated at
Willard-Cybulski Correctional Institution, in Enfield,
Connecticut.  He initiated this action by filing a complaint pro
se pursuant to 42 U.S.C. § 1983 seeking monetary damages and
injunctive relief against Commissioner Scott Semple, Drs. Syed
Naqvi, Giles, Wu and Coleman, Physician Assistant Kevin
McCrystal, Nurses Heidi Green, Barbara LaFrance, Dionne Botas
and Shannon Beckford and Rikel Lightner.[1]  The plaintiff alleged
inter alia that the defendants were deliberately indifferent to
his hernia condition both before and after he underwent hernia

---

[1] In their answer to the complaint, the defendants have informed
the court that the plaintiff mistakenly listed Rikel Lightner's
first name as Rikil and Kevin McCrystal's last name as Crystal
in the caption of the complaint and that Nurse Shannon's last
name is Beckford and Nurse Dionne's last name is Botas.  See
Compl., ECF No. 1, at 1; Answer, ECF No. 38, at 1.  Thus, the
court directs the Clerk to update the docket to reflect that
defendant Lightner's first name is Rikel, defendant Crystal's
last name is McCrystal, defendant Dionne's last name is Botas

repair surgery in April 2015 and that he requires a supplemental surgical procedure to address a complication of the initial surgery that has caused him continued groin pain.

On May 9, 2017, the court dismissed the First Amendment retaliatory transfer claim against all defendants and the Eighth Amendment deliberate indifference to medical and mental health needs claims against defendants Semple, Giles and Coleman.  The court concluded that the Eighth Amendment deliberate indifference to medical needs claim would proceed against defendants Naqvi, Wu, McCrystal, Green, LaFrance, Botas, Beckford and Lightner in their individual and official capacities.  <u>See</u> IRO, ECF No. 7.  On August 20, 2018, the court granted the defendants' motion to dismiss the request for declaratory relief.  <u>See</u> Ruling, ECF No. 32.

Both the plaintiff and the defendants have moved for summary judgment.  For the reasons set forth below, the plaintiff's motion for summary judgment will be denied and the defendants' motion for summary judgment will be granted.

### I. Plaintiff's Motion for Summary Judgment [ECF No. 35]

In support of his motion, the plaintiff reiterates the allegations in the complaint and claims that each defendant was

---

and defendant Shannon's last name is Beckford.

aware of but deliberately indifferent to the pain that he experienced after he underwent hernia surgery in April 2015. The defendants oppose the plaintiff's motion on the ground that it does not comply with Rule 56(a)1, D. Conn. L. Civ. R.

In the District of Connecticut, a motion for summary judgment must be accompanied by a Local Rule 56(a)1 Statement. See D. Conn. L. Civ. R. 56(a)1 ("A party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)1 Statement of Undisputed Material Facts,' which sets forth, in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3, a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried.")  Local Rule 56(a)3 further requires that each statement in the Rule 56(a)1 Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) evidence that would be admissible at trial" and that "[t]he affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence" be submitted "with the Local Rule 56(a)1 . . . Statement[] in conformity with Fed. R. Civ. P. 56(e)."  D. Conn. L. Civ. R. 56(a)3.

Although the plaintiff filed a memorandum and two supplemental memoranda in support of his motion, he did not file a Local Rule 56(a)1 Statement. <u>See</u> ECF Nos. 35, 37, 43. Thus, the plaintiff's motion for summary judgment does not comply with the requirements of Local Rule 56(a)1 or 3. Additionally, the only evidence submitted by the plaintiff in support of the arguments in the motion are four pages of his medical records. The plaintiff did not file a declaration or affidavit in support of his motion.[2] The four pages of medical records in and of themselves do not demonstrate the absence of material facts in dispute or that the plaintiff is "entitled to judgment as a matter of law" on his claim of deliberate indifference to medical needs. <u>See</u> Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.") Accordingly, the plaintiff's motion for summary judgment is denied. To the

---

[2] Nor will the court treat his complaint as a declaration in support of the motion for summary judgment because it was not sworn under penalty of perjury as required by 28 U.S.C. § 1746. <u>See</u> <u>Battice v. Phillip</u>, No. CV-04-669 (FB (LB), 2006 WL 2190565, at *2-4 (E.D.N.Y. Aug. 2, 2006) (Although a verified complaint may be treated as an affidavit if it meets the requirements of Fed. R. Civ. P. 56(e) and is of sufficient factual specificity, . . . Battice's complaint is not verified and the Court will not give any evidentiary weight to its allegations." (citing <u>Colon</u>

extent that the memoranda in support of the plaintiff's motion for summary judgment include arguments that might apply to the arguments raised in the defendants' motion for summary judgment, the court considers those arguments below.

## II.    Defendants' Motion for Summary Judgment [ECF No. 40]

The defendants move for summary judgment on three grounds. In response to their motion, the plaintiff has filed a memorandum, a Local Rule 56(a)2 Statement, a declaration and documentary exhibits in support of both the Local Rule 56(a)2 Statement and the declaration.

### A.    Legal Standard

When filing a motion for summary judgment, the moving party bears the burden of demonstrating "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party may satisfy its burden "by showing – that is pointing out to the district court – that there is an absence of evidence to

---

v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995))).

support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola
Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curium) (internal
quotations and citations omitted).

If a motion for summary judgment is supported by
documentary evidence and sworn affidavits and "demonstrates the
absence of a genuine issue of material fact," the nonmoving
party must do more than vaguely assert the existence of some
unspecified disputed material facts or "rely on conclusory
allegations or unsubstantiated speculation." Robinson v.
Concentra Health Servs., Inc., 781 F.3d 42, 44 (2d Cir. 2015)
(citation omitted). Thus, the party opposing the motion for
summary judgment "must come forward with specific evidence
demonstrating the existence of a genuine dispute of material
fact." Id.

In reviewing the record, the court must "construe the
evidence in the light most favorable to the non-moving party and
to draw all reasonable inferences in its favor." Gary Friedrich
Enters., L.L.C. v. Marvel Characters, Inc., 716 F.3d 302, 312
(2d Cir. 2013) (citation omitted). The court may not, however,
"make credibility determinations or weigh the evidence. . . .
[because] [c]redibility determinations, the weighing of the
evidence, and the drawing of legitimate inferences from the

facts are jury functions, not those of a judge." <u>Proctor v. LeClaire</u>, 846 F.3d 597, 607-08 (2d Cir. 2017) (internal quotation marks and citations omitted).  If there is any evidence in the record from which a reasonable factual inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, however, summary judgment is improper.  <u>See</u> <u>Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.</u>, 391 F.3d 77, 83 (2d Cir. 2004).

The court reads a <u>pro</u> <u>se</u> party's papers liberally and interprets them "to raise the strongest arguments that they suggest." <u>Willey v. Kirkpatrick</u>, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted).  Despite this liberal interpretation, however, allegations unsupported by admissible evidence "do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment.  <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000).

**B.   Facts[3]**

On April 15, 2015, Dr. Yu Liang performed a bilateral inguinal hernia repair on the plaintiff.  Pl.'s Decl., ECF No. 54-3, at 2 ¶ 7; Defs.' L.R. 56(a)1 ¶ 38; Pl.'s Medical Records ("Med. Rec."), ECF No. 41, at 39-40.  On April 16, 2015, Dr. Liang discharged the plaintiff back to MacDougall-Walker Correctional Institution ("MacDougall-Walker").  Pl.'s Decl., ECF No. 54-3, at 2 ¶ 8.  Shortly after the surgical procedure, the plaintiff began to experience pain in the area where Dr. Liang had performed the hernia repair.  Defs.' L.R. 56(a)1 ¶ 39; Med. Rec. at 42.

On May 5, 2015, Dr. Liang examined the plaintiff at the University of Connecticut Health Center during a follow-up appointment.  Pl.'s Decl., ECF No. 54-3, at 2 ¶ 9; Med. Rec. at 43.  In response to the plaintiff's complaints of pain in the area of the hernia repair, Dr. Liang recommended that the plaintiff apply hot compresses to his groin.  Med. Rec. at 43.  Dr. Liang also recommended that the plaintiff be referred to a

---

[3] The relevant facts are taken from the defendants' Local Rule 56(a)1 Statement ("Defs.' L.R. 56(a)1"), [ECF No. 40-2], Exhibits A-E, [ECF Nos. 40-4 through 40-7, 41], filed in support of the Local Rule 56(a)1 Statement, the plaintiff's Local Rule 56(a)2 Statement (Pl.'s L.R. 56(a)2"), [ECF No. 54-1], the plaintiff's Declaration, [ECF No. 54-3], at 1-4 and Exhibits A-R in support of the Local Rule 56(a)2 Statement and Declaration, [ECF No. 54-3], at 5-27.

urologist for an evaluation of a testicular cyst.  Id.

On August 18, 2015, Dr. Giles examined the plaintiff in response to his continued complaints of pain in the area of the hernia repair.  Defs.' L.R. 56(a)1 ¶ 40; Med. Rec. at 22.  Dr. Giles recommended that the plaintiff undergo an ultrasound of his testes, cords and inguinal area and an ilioinguinal nerve block procedure to alleviate his pain.  Id.  A nerve block involves an injection of medication to the area where nerves thought to be causing a patient's pain might be located.  Defs.' L.R. 56(a)1 ¶ 42.

On September 10, 2015, the plaintiff filed a habeas petition in Connecticut Superior Court for the Judicial District of Tolland, Licari v. Warden, State Prison, TSR-CV15-4007512-S. Id. ¶ 1.  The plaintiff alleged that he had undergone hernia surgery but continued to suffer pain after the surgery.  Id. ¶ 2.

On October 5, 2015, the plaintiff underwent an ultrasound of his testes, cords and inguinal area.  Med. Rec. at 24.  The ultrasound reflected that the cyst in the area of his right testicle was benign.  Id. at 24, 32.  On December 10, 2015, at University of Connecticut Health Center, the plaintiff underwent a guided nerve block procedure in the area of the ilioinguinal nerve.  Defs.' L.R. 56(a)1 ¶ 43.  The plaintiff reported that he

got only temporary relief from the procedure.  Id. ¶ 44.

Due to the plaintiff's continued complaints of pain, on May 25, 2016, Dr. Naqvi submitted a request for the plaintiff to be seen by a surgeon.  Id. ¶ 45; Med. Rec. at 19, 36.  On June 2, 2016, the Utilization Review Committee approved the request for a surgical consultation.  Med. Rec. at 19.  On June 16, 2016, prison officials at MacDougall-Walker transferred the plaintiff to Osborn Correctional Institution ("Osborn").  Med. Rec. at 36.

On June 30, 2016, Dr. Giles examined the plaintiff.  Defs.' L.R. 56(a)1 ¶ 45; Med. Rec. at 21.  Dr. Giles was concerned about possible ilioinguinal nerve involvement and recommended that Dr. Liang re-examine and re-evaluate the plaintiff.  Id.

On August 2, 2016, Dr. Liang examined the plaintiff, prescribed a lidocaine patch for the affected area and recommended that the plaintiff undergo another ilioinguinal nerve block procedure to alleviate his pain.  Id. ¶ 46; Pl.'s L.R. 56(a)2, Ex. R, ECF. No. 54-3 at 25.  On August 29, 2016, the plaintiff underwent an ilioinguinal nerve block procedure. Defs.' L.R. 56(a)1 ¶ 47; Med. Rec. at 14.

On September 12, 2016, Dr. Liang met with the plaintiff for a follow-up visit.  Id. ¶ 48; Med. Rec. at 17.  The plaintiff reported that his pain was worse.  Id.  Dr. Liang prescribed a lidocaine patch or cream and pain management to control the

plaintiff's pain.  Med. Rec. at 17.

On November 28, 2016, Dr. Wu prescribed a medication called Duloxetine, also known as Cymbalta, to treat the plaintiff's pain symptoms.  Id. at 6-7.  On December 28, 2016, in response to the plaintiff's continued complaints of groin and back pain, Dr. Wu increased the dosage of Duloxetine and prescribed 600 milligrams of Motrin to be taken twice a day for three months. Id. at 8.  On January 6, 2017, Dr. Wu discontinued the prescription for Duloxetine due to the plaintiff's complaints about negative side effects from that medication.  Defs.' L.R. 56(a)1 ¶ 51; Med. Rec. at 9.

During a hearing held on May 22, 2018 to address the allegations in the plaintiff's state habeas petition, the plaintiff testified that he had received various types of treatment from medical providers within the Department of Correction in response to his complaints of pain, including steroid injections, lidocaine patches and prescriptions for Neurontin, Elavil, Cymbalta and Ibuprofen, but none of the treatments or medications had effectively alleviated his pain symptoms.  Id. ¶ 2.  Dr. Monica Farinella, Interim Medical Director at the University of Connecticut Correctional Managed Health Care, testified that the possibility that the plaintiff suffered from nerve entrapment was very unlikely given that the

nerve block procedures had not successfully alleviated his pain. Id. ¶ 10. Dr. Farinella also testified that the type of mesh used to repair the plaintiff's hernias had not been recalled and that a further surgical procedure to remove and replace the mesh posed certain risks and would not necessarily alleviate the plaintiff's pain. Id. ¶¶ 13-14. Thus, in Dr. Farinella's opinion such a procedure was not medically indicated. Id. ¶ 16. On August 28, 2018, the judge who presided over the hearing issued a decision denying the habeas petition. Id. ¶¶ 18-19.

## C. Discussion

The defendants argue that the plaintiff's allegations fail to state a claim that they were deliberately indifferent to his complaints of pain and that his claim is barred by the doctrine of collateral estoppel. The defendants also raise the defense of qualified immunity. In his memorandum in opposition to the motion for summary judgment, the plaintiff contends that further discovery is necessary in order for him to respond to the defendants' qualified immunity argument. See Pl.'s Mem. Opp'n Mot. Summ. J., ECF No. 54-2, at 3.

Rule 56(d) of the Federal Rules of Civil Procedure permits a district court, in the exercise of its discretion, to defer or deny a decision on summary judgment if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition[.]" Fed. R.
Civ. P. 56(d). A declaration or affidavit filed in support of a
request under Rule 56(d), must include "'the nature of the
uncompleted discovery; how the facts sought are reasonably
expected to create a genuine issue of material fact; what
efforts the affiant has made to obtain those facts; and why
those efforts were unsuccessful.'" Whelehan v. Bank of Am.
Pension Plan for Legacy Companies-Fleet-Traditional Ben., 621 F.
App'x 70, 73 (2d Cir. 2015) (summary order) (quoting Paddington
Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994)).

Although the plaintiff has filed a declaration in
opposition to the defendants' motion for summary judgment, it
does not address his contention that he needs to conduct further
discovery. Nor does his memorandum in opposition to the motion
for summary judgment provide specific reasons why he cannot
respond to the qualified immunity argument or explain how
further discovery would assist him in doing so.

The docket reflects that on October 12, 2018, the court
extended the discovery period until November 30, 2018. See
Order, ECF No. 34. The plaintiff moved for summary judgment on
December 7, 2018. The filing of his own motion for summary
judgment belies the plaintiff's contention that he needs to
conduct further discovery in order to respond to the defendants'

13

qualified immunity argument.  To the extent the plaintiff claims

that the court should deny or delay ruling on defendants' motion

for summary judgment in order to permit him to conduct

additional discovery under Rule 56(d), the court declines to do

so.  See FTC v. Moses, 913 F.3d 297, 306 (2d Cir. 2019) (finding

nonmovant waived arguments as to insufficiency of discovery by

failing to file "an affidavit explaining why such discovery

[was] necessary" as required by Federal Rule of Civil Procedure

56(d)); Alphonse Hotel Corp. v. Tran, 828 F.3d 146, 151-52 (2d

Cir. 2016) ("bare, generalized assertions cannot justify

delaying the resolution of a summary judgment motion").

### 1.  Collateral Estoppel

The doctrine of collateral estoppel, which is also known as

issue preclusion, provides that "once a court has decided an

issue of fact or law necessary to its judgment, that decision

may preclude relitigation of the issue in a suit on a different

cause of action involving a party to the first case."  Allen v.

McCurry, 449 U.S. 90, 94 (1980).  Thus, generally, "successive

litigation of an issue of fact or law actually litigated and

resolved in a valid court determination essential to the prior

judgment is barred, even if the issue recurs in the context of a

different claim."  New Hampshire v. Maine, 532 U.S. 742, 748

(2001).

State law applies to determine the preclusive effect of a prior state judgment. See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (federal courts apply the preclusion law of the state in which judgment was rendered). Under Connecticut law, an issue decided in a prior proceeding may not be relitigated if: (1) it was "fully and fairly litigated in the first action"; (2) it was "actually decided"; and (3) the decision was "necessary to the judgment." Lighthouse Landings, Inc. v. Conn. Light & Power Co., 300 Conn. 325, 343-44 (2011) (quoting Lyon v. Jones, 291 Conn. 384, 406 (2009)). A decision was necessary to the judgment "if in the absence of a determination of the issue, the judgment could not have been validly rendered." Id. Conversely, "if an issue has been determined, but the judgment is not dependent on the determination of the issue, the parties may relitigate the issue in a subsequent action." Id.

Although collateral estoppel requires identity of issues, it does not require mutuality of parties. Thus, even a party in the second action who was not a party in the first action may nonetheless assert the doctrine of collateral estoppel. Trikona Advisers Ltd. v. Chugh, 846 F.3d 22, 34 (2d Cir. 2017).[4] The

---

[4] The court notes that the defendants did not plead the affirmative defense of collateral estoppel in their answer to

only requirement is that the party against whom the doctrine is

applied in the second action must have had the opportunity to

litigate the merits of the issue in the prior action.  Id.

(citing Aetna Cas. & Sur. Co. v. Jones, 220 Conn. 285, 302

(1991)).

The defendants argue that the challenge raised in this

action to the lack of treatment or ineffective treatment for the

pain symptoms that the plaintiff experienced after his hernia

---

the complaint as required by Rule 8(c)(1), Fed. R. Civ. P. See
Answer, ECF No. 38.  The Second Circuit has observed that "the
purpose of requiring collateral estoppel to be pled as an
affirmative defense 'is to give the opposing party notice of the
plea of estoppel and a chance to argue, if he can, why the
imposition of an estoppel would be inappropriate.'"  Curry v.
City of Syracuse, 316 F.3d 324, 330–31 (2d Cir. 2003)
quoting Blonder–Tongue Labs. v. Univ. of Ill. Found., 402 U.S.
313, 350 (1971)).  Although the Second Circuit generally prefers
that collateral estoppel be raised as an affirmative defense in
the initial answer, it has permitted parties to raise collateral
estoppel for the first time at the summary judgment stage where
the parties against whom summary judgment is sought have
sufficient time to respond to the defense and are not unduly
prejudiced by its later introduction. See Curry, 316 F.3d at
331; Rose v. AmSouth Bank of Florida, 391 F.3d 63, 65 (2d Cir.
2004).  It is clear that permitting the defendants to introduce
the defense at this stage has not unduly prejudiced the
plaintiff given that he included an argument in response to the
defense in both his supplemental memorandum in support of his
own motion for summary judgment and his memorandum in opposition
to the defendants' motion for summary judgment.  See Pl.'s
Suppl. Mem. Supp. Mot. Summ. J., ECF No. 43, at 4; Pl.'s Mem.
Opp'n Defs.' Mot. Summ. J., ECF No. 54-2, at 6.  Thus, the
defendants' failure to assert the defense of collateral estoppel
in their answer does not preclude them from raising the defense
in their motion for summary judgment.

surgery in April 2015 until the filing of this action in
December of 2016 was also raised and litigated in the habeas
action filed by the plaintiff on September 10, 2015 in the
Connecticut Superior Court for the Judicial District of Tolland.
See Licari v. Warden, No. CV154007512S, 2018 WL 4420632, at *1
(Conn. Super. Ct. Aug. 28, 2018)("More specifically, the
petitioner alleges that while in the custody of the Department
of Correction (DOC), he had surgery to repair a hernia, but that
he has experienced ever increasing pain subsequent to the
surgery.")  The plaintiff does not dispute that the judge
assigned to his state habeas held a hearing on May 22, 2018 at
which the plaintiff's medical records were entered as evidence
and he and Dr. Farinella testified regarding the medical
examinations, diagnostic testing and procedures provided by
physicians and staff members at the University of Connecticut
Health Center as well as the medical treatment provided by staff
members at both MacDougall-Walker and Osborn after his hernia
repair.  Id. at *2; Defs.' L.R. 56(a)1 ¶¶ 1-5 & Ex. B (habeas
hearing transcript).  At the hearing, the judge afforded the
plaintiff an opportunity to question Dr. Farinella after her
testimony on direct examination.  See Defs.' L.R. 56(a)1 ¶¶ 1-5
& Ex. B (habeas hearing transcript) at 17-22.

On August 28, 2018, the judge who presided over the hearing

denied the petition for writ of habeas corpus.  See Licari, 2018
WL 4420632, at *1, 3.  Based on his review of the testimony and
exhibits introduced at the hearing, the judge concluded that the
plaintiff had not demonstrated deliberate indifference by
medical providers within the Department of Correction and the
University of Connecticut Health Center to his complaints of
continuing pain following his hernia surgery in April 2015.  Id.
at *3.

It is evident that the claim raised in the complaint filed
in this action pertaining to the adequacy or lack of medical
care provided by defendants Naqvi, Wu, McCrystal, Green,
LaFrance, Botas, Beckford and Lightner for the chronic pain
experienced by the plaintiff after his surgery is identical to
the claim actually litigated in the state habeas petition.  In
addition, the judge afforded the plaintiff a full and fair
opportunity to litigate this claim of deliberate indifference in
the state habeas proceedings.  The fact that defendants Naqvi,
Wu, McCrystal, Green, LaFrance, Botas, Beckford and Lightner
were not named as defendants in the state habeas does not
preclude the application of collateral estoppel to the claims
raised against them in this action.  See Trikona, 846 F.3d at 34
("Connecticut has followed most other jurisdictions in
abandoning the 'mutuality of parties' rule, which held that

both parties in a subsequent litigation needed to be the same as, or in privity with, the parties in a prior litigation in order for collateral estoppel to apply.").

The plaintiff contends that collateral estoppel cannot bar his claim because he appealed the denial of the state habeas petition and the appeal is still pending in the Connecticut Appellate Court.  See Licari v. Comm'r of Correction, AC 42197.[5] The docket for the habeas petition reflects that judgment entered on August 28, 2018 after the completed trial.  See Licari v. Warden, State Prison, TSR-CV15-4007512-S (Aug. 28, 2018) (Dkt. Entry 122.00).[6]  Although a judge subsequently denied the plaintiff's petition for certification to appeal from the judgment denying the habeas petition, the plaintiff filed an appeal on October 15, 2018.  See id. (Dkt Entries 123.00, 126.00).  An appeal from a final judgment does not negate the applicability of the doctrine of collateral estoppel.  See LaBow

---

[5] The State of Connecticut's Judicial Branch website reflects that the plaintiff's appeal is still pending.  Information regarding the appeal may be found at: http://www.jud.ct.gov/jud2.htm under Supreme and Appellate Court Case Look-up; Civil/Family/Housing/Small Claims; By Docket Number – using AC 42197 (Last visited on August 12, 2019).

[6] Docket Entries in the state habeas petition may be found on the State of Connecticut's Judicial Branch website at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Civil/Family/Housing/Small Claims; By Docket Number – using TSR-CV15-4007512-S (Last visited on August 12, 2019).

v. Rubin, 95 Conn. App. 454, 467 (2006) ("Moreover, this court
has concluded that a pending appeal does not preclude the
application of the narrower doctrine of collateral estoppel."
(citing Carnemolla v. Walsh, 75 Conn. App. 319, 327–28 (2003))).

Accordingly, the court concludes that the plaintiff is
estopped from relitigating the claim that defendants Drs. Syed
Naqvi and Wu, Physician Assistant Kevin McCrystal, Nurses Heidi
Green, Barbara LaFrance, Dionne Botas and Shannon Beckford and
Rikel Lightner were deliberately indifferent to his complaints
of chronic pain after his surgery in April 2015 until December
2016, when he filed this action. The defendants' motion for
summary judgment is granted on the ground that the plaintiff's
claim is barred by the doctrine of collateral estoppel.

## 2. Failure to State a Claim and Qualified Immunity

The defendants also argue that the allegations in the
complaint do not state a claim that they were deliberately
indifferent to the pain experienced by the plaintiff after his
hernia surgery. Because the court has granted the motion for
summary judgment on the ground of collateral estoppel, it does
not reach this argument or the argument that the defendants are
entitled to qualified immunity.

## Conclusion

Defendants' Motion for Summary Judgment, [**ECF No. 40**] is

**GRANTED** on the ground that collateral estoppel bars the plaintiff's claim of deliberate indifference to his complaints of pain following his hernia surgery.  Plaintiff's Motion for Summary Judgment, [**ECF No. 35**] is **DENIED.**

The Clerk is directed to enter judgment for the defendants and close this case.

It is so ordered.

Signed this 19th day of August, 2019, at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge
